WILLIAM WILDER

*v.*

ROBERT L. GREENLEE *et al.*

NEW TRIAL—*newly discovered evidence.* Although a verdict returned in a case where the testimony was conflicting, will not usually be disturbed, merely because the appellate court inclines to a different view from that taken by the court

below, yet, when it is shown on the motion for a new trial that there was newly discovered evidence, not cumulative in regard to the particular point to which it relates, and the importance of which could not have been foreseen, and such newly discovered evidence strengthens the conviction of the court ·that justice has not been done, a new trial will be granted.

APPEAL from the Superior Court of Chicago; the Hon. S. B. GOOKINS presiding as Judge, by agreement of parties.

This was an action of replevin, brought by William Wilder against Robert L. Greenlee and others, to recover a portable steam engine. The defendants pleaded property in James Baxter. The question presented was, whether the engine in controversy was the property of Baxter or of the plaintiff.

The cause was tried before the court, without a jury, the issue turning upon the fact, whether the engine replevied was the same engine which had been taken from the possession of the plaintiff's bailee by fraudulent means, and sold to Baxter. The court found the issues for the defendants. A motion for a new trial was entered, upon the alleged ground that the finding was against the evidence, and upon an affidavit disclosing newly discovered evidence. A new trial was refused, and judgment entered upon the finding. The plaintiff thereupon took this appeal.

Mr. W. C. GOUDY and Mr. THOMAS S. McCLELLAND, for the appellant.

Messrs. HIGGINS, SWETT & QUIGG, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question in this case is, whether the engine which was replevied was the same engine which had been fraudulently obtained from the possession of the plaintiff's bailee, under the false pretext that the person thus obtaining it had bought

it from the plaintiff. While the evidence upon this point is contradictory, it has led us to a different conclusion from that reached by the learned counsel who, by consent of parties, tried this case in the superior court. As, however, it is not the practice of this court to reverse a judgment where the evidence is contradictory, merely because our own examination inclines us to a different view of it from that taken by the court below, we should probably refrain from doing so in this case, if the newly discovered evidence presented in the affidavits submitted on the motion for a new trial did not strengthen our conviction that the ends of justice require a further examination of this case.

As there is to be another trial, we forbear from any discussion of the evidence, only remarking that the case is a peculiar one, and the witnesses on one side or the other have clearly sworn to what is not true, and the newly discovered testimony is not cumulative in regard to the particular point to which it relates, nor could its importance have been foreseen by the plaintiff.

A careful examination of the entire record, has left us with a firm conviction that there should be an opportunity given for a further investigation.

The judgment is reversed and the cause remanded.

*Judgment reversed.*