## The Cairo and St. Louis Railroad Company

*v.*

## John Schumacker.

New trial—*for newly discovered evidence.* If, after the trial of a case, a party discovers new evidence, not merely cumulative, but of an important and decisive character, in connection with other evidence excluded by the court for want of proof of the fact to be proved by the newly discovered evidence, and the party has been guilty of no negligence in attempting to find the new proof, a new trial will be granted.

Writ of Error to the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

This was an action of trespass, by John Schumacker against the Cairo and St. Louis Railroad Company. The opinion of the court presents the facts of the case.

Messrs. Searls & Millard, for the plaintiff in error.

Mr. James M. Dill, for the defendant in error.

Mr. Chief Justice Scott delivered the opinion of the Court:

Waiving the discussion of all other questions raised on the record, we are of opinion the court ought to have granted a new trial, on account of the newly discovered evidence.

The action was brought in trespass, to recover of the railroad company damages for entering upon premises occupied by plaintiff, to construct its railroad, tearing down his fences and exposing his crops to the depredations of the stock in the vicinity. On the trial, defendant offered to prove that H. R. Payson & Co., under a construction contract, obligated themselves to build the road, locate the line, procure the right of way, and equip the road after it was built, and that it had no control over the road, for any purpose, during its construction. On objection being made, the court excluded this evidence.

Had defendant, in this connection, offered to show that H. R. Payson & Co., under their contract, did procure the right of way from plaintiff, and paid him for the same, the evidence tendered was all important to the defense, and, no doubt, would have been admitted; but it was not then known that any such evidence could be produced. After the trial, it was discovered defendant could prove, by George L. Detch, that he was the agent of H. R. Payson & Co., and, as such agent, he did procure of plaintiff the right of way and the privilege to enter upon and construct defendant's railroad upon the identical premises described in the declaration, and that he paid him in full the amount agreed upon as his damages. An affidavit of Mr. Detch, that he would testify to these and other material facts, was filed in support of the motion. Other affidavits filed, show defendant had used every reasonable effort to discover evidence in relation to the transaction. It was shown that inquiry was made by those now in charge of the affairs of the company, of every one they had any reason to suppose had any knowledge of the facts in the case.

Notwithstanding the trespasses complained of are alleged to have been committed in the fall of 1872, no suit was commenced until July, 1874. Plaintiff was a tenant, having no ownership in the lands affected, but it does not appear he ever made any claim for damages against the company until he instituted his suit. The delay that intervened may be one reason why defendant was unable to learn the facts necessary

to the defense.  Had the suit been commenced when the injury was committed, no doubt the facts alleged in the affidavit, if they existed, would have been known, and, in all probability, would have been produced on the trial.

The newly discovered evidence, if true, and there is no suggestion Mr. Detch is not a credible witness, is important, as going to the merits of the case.  It was not simply cumulative, but newly discovered evidence in the strictest sense, apparently of a conclusive character, on a branch of the defense on which no proof was offered, and, in connection with the testimony excluded, the court ought to have allowed defendant an opportunity to produce it.  The ends of justice, we think, demand there should be a new trial, and it is accordingly granted.  *Wilder* v. *Greenlee*, 49 Ill. 253.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*